UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-24863-RAR

**ZAK SHAIK**,

    Plaintiff,

v.

**TOKMEDIA ENTERPRISES LLC**, *et al.*,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT

**THIS CAUSE** comes before the Court upon *sua sponte* review of a *pro se* Complaint filed on December 11, 2024. *See* Compl., [ECF No. 1]. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 ("IFP Application"). *See* [ECF No. 3]. Upon screening the Complaint and reviewing the applicable law, the Court finds that Plaintiff's Complaint is an impermissible shotgun pleading and fails to state a claim upon which relief may be granted. The Court also concludes that there is an insufficient basis at this time to grant the IFP Application. The Court having carefully reviewed the IFP Application, as well as the Complaint and all accompanying supplements, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Complaint is **DISMISSED** *without prejudice and with leave to amend*.

## IFP APPLICATION

Courts may authorize a party to proceed *in forma pauperis* in any suit so long as the party complies with the prescriptions of 28 U.S.C. § 1915(a), *i.e.*, by submitting an affidavit "that includes a statement of all assets such [person] possesses [and showing] that the person is unable

to pay" court filing fees. 28 U.S.C. § 1915(a)(1). The Court's determination is limited to "whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (internal quotation marks omitted) (quoting *Watson v. Ault*, 525 F.2d 886, 891 (11th Cir. 1976)). Although the affidavit "need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915," it must show that "the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (citations omitted).

"There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915). The Court "has wide discretion in denying an application to proceed [*in forma pauperis*] under 28 U.S.C. § 1915. This is especially true, the rubric goes, in civil cases for damages, wherein the courts should grant the privilege sparingly." *Martinez*, 364 F.3d at 1306 (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1972)). Where a court finds the "affidavit is insufficient to provide an adequate basis for an IFP determination," the court may direct the plaintiff "to file a supplemental affidavit providing additional information . . . which may assist the court in its ruling." *Id.* at 1308.

Here, Plaintiff's IFP Application represents that he has $0.00 in income from any source over the past 12 months, $0.00 in cash or in bank accounts, and, $0.00 in gross monthly pay (despite Plaintiff's representation that he is employed by "Sabur [Private Wealth Management]"). *See* IFP Application at 1–2. The IFP Application states that Plaintiff has assets in the form of "other real estate" worth negative $250,000. *Id.* at 3. The IFP application also represents that Plaintiff's total monthly expenses are $0.00. *Id.* at 5.

Because "[i]t undeniably costs money to live," it strains credulity that Plaintiff has no expenses, assets, savings, or income (despite being employed). *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013). Accordingly, the IFP Application is insufficient to establish that Plaintiff is entitled to proceed *in forma pauperis* absent additional information. *See id.* (requiring supplemental affidavit where plaintiff's IFP affidavit represented that plaintiff had "zero income, zero savings, and a single asset").

Further, the identity of the Plaintiff(s) in this action is unclear. The IFP Application appears to be submitted only on behalf of Zak Shaik. *See* IFP Application at 1 (listing "Plaintiff/Petitioner" as Zak Shaik). However, the Complaint states that Plaintiff is "Zak Shaik *doing business as* Sabur Private Wealth Management, a Registered Investment Advisor." Compl. at 1 (emphasis in original). As Zak Shaik appears to be a natural person and Sabur Private Wealth Management appears to be a legal entity, it is unclear whether the Complaint is brought solely on behalf of Zak Shaik, solely on behalf of Sabur Private Wealth Management, or on behalf of both. *See id.* at ¶ 3 (referring to Zak Shaik as "a citizen of Texas residing in Arlington, Texas" and Sabur Private Wealth Management as "a registered investment advisor and certified tax planning professional").

The Court notes that a legal entity may only appear in federal courts when represented by counsel and may not proceed *in forma pauperis*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[A] corporation may only appear in federal courts only through licensed counsel."); *id.* at 196 ("[O]nly a natural person may qualify for treatment *in forma pauperis* under" 28 U.S.C. § 1915). No counsel has appeared in this case. Thus, to the extent the Complaint intends to bring claims on behalf of Sabur Private Wealth Management (either as the sole plaintiff or as co-plaintiff with Zak Shaik), Sabur Private Wealth Management must be represented by counsel and must pay the required filing fee.

## **LEGAL STANDARD**

The Court now turns to the substance of the Complaint. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, the Court shall dismiss a suit "at any time if [it] determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Taliaferro v. United States*, 677 F. App'x 536, 537 (11th Cir. 2017) ("[D]istrict courts have the power to screen complaints filed by all [*in forma pauperis*] litigants, prisoners and non-prisoners alike." (citation omitted)).

"A *pro se* pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017); *see also Torres v. Miami-Dade Cnty.*, 734 F. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a *pro se* party's complaint and focus on the content and substance of the allegations."). But despite the liberal construction afforded to *pro se* filings, they must conform with procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." In order to satisfy this rule, the allegations in the complaint must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the

complaint need not make detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Id.* at 678. A complaint is insufficient if it only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557).

Complaints that violate Rule 8(a)(2) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Liberal construction does not authorize *pro se* litigants to file such impermissible "shotgun" pleadings. The Eleventh Circuit has identified "four rough types" or categories of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to "separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See id.* at 1321–23 (citations omitted). "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*

Importantly, the Court does not act as a researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1285 (11th Cir. 2011) (explaining that courts may not act as a litigant's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation). And failure to adhere to procedural rules or court

orders, of course, provides grounds for dismissal. *See Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified).

With this pleading framework in mind, the Court turns to the allegations in the Complaint.

## ANALYSIS

Plaintiff brings this *pro se* action against Defendants TokMedia Enterprises, LLC ("TokMedia"), Kyle O'Connor, Ryan Burr, Kate Creveling, Avery Palmeri, Jacob Doe, and Anthony Edinson (collectively, "Defendants") relating to "a sophisticated scheme by Defendants to defraud financial services professionals through false promises of social media marketing expertise while lacking fundamental competencies required to deliver promised services." Compl. ¶ 1. The individual Defendants are all employees of TokMedia. *Id.* ¶¶ 5–10. The Complaint alleges that Plaintiff entered into a contract with TokMedia, paying TokMedia $4,000 to develop a "comprehensive marketing campaign" through advertisements on the TikTok digital platform.[1] *Id.* ¶¶ 15–17. According to the Complaint, "after nine months of delay, Defendants attempted to launch Plaintiff's marketing campaign" but "[t]he campaign was immediately rejected by TikTok for multiple policy violations that competent professionals would have identified and prevented." *Id.* ¶¶ 29–30. The Complaint alleges that Plaintiff lost out on $5,000,000 in projected revenue as a result of this marketing campaign gone wrong. *Id.* ¶ 34.

The Complaint brings five counts—including breach of contract (Count I), fraud/fraudulent inducement (Count II), negligent misrepresentation (Count III), deceptive trade

---

[1] Plaintiff affixes a copy of the contract to the Complaint, Compl. at 119–121, but it is unclear whether the marketing campaign was intended to promote Zak Shaik or Sabur Private Wealth Management.

Page **6** of **10**

practices (Count IV), and civil conspiracy (Count V)—and seeks damages and a temporary restraining order. *See generally* Compl.

## I. The Identity of the Plaintiff is Unclear

As noted above, it is unclear who the Plaintiff(s) are in this case. The Complaint states that Plaintiff is "Zak Shaik *doing business as* Sabur Private Wealth Management, a Registered Investment Advisor." Compl. at 1 (emphasis in original). As Zak Shaik appears to be a natural person and Sabur Private Wealth Management appears to be a legal entity, it is unclear whether the Complaint is brought solely on behalf of Zak Shaik, solely on behalf of Sabur Private Wealth Management, or on behalf of both. *See id.* ¶ 3 (referring to Zak Shaik as "a citizen of Texas residing in Arlington, Texas" and Sabur Private Wealth Management as "a registered investment advisor and certified tax planning professional").

Federal Rule of Civil Procedure 8 requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). But where the identity of the pleader itself is unclear, there is no basis on which the Court can grant relief as the Court has no way of determining to whom relief may be granted. Thus, in order to state a claim, a complaint must clearly state who the plaintiffs are and what relief each plaintiff seeks. The Complaint here fails to do so and therefore violates Rule 8.

## II. Plaintiff's Complaint is a Shotgun Pleading and Does Not State a Claim

Plaintiff's Complaint bears the hallmark traits of a shotgun pleading. First, each count begins by adopting the allegations of all preceding counts. *See* Compl. ¶¶ 36, 41, 48, 53, 57. While this by itself may not be fatal, it is when combined with the substance—or rather, lack thereof—of the facts alleged in the "Factual Background" section of the Complaint and in each count.

The Complaint's factual allegations are almost entirely conclusory. The Complaint alleges that Defendants collectively engaged in a "systematic pattern of deception" that included "False Expertise Claims" because Defendants "claimed deep understanding of TikTok's marketing and advertising policies while lacking basic knowledge," "Project Mismanagement" because Defendants "[f]ailed to establish proper project timelines," and "Deceptive Communications" because Defendants "[m]ade contradictory statements about project status." *Id.* ¶¶ 19–21. The individual Defendants are variously held responsible for these acts, for example, by "[c]onceal[ing] known deficiencies" (Kyle O'Connor), "[f]ail[ing] to implement proper controls" (Ryan Burr), "[c]onceal[ing] technical limitations" (Kate Creveling), "[p]rovid[ing] inadequate work product" (Avery Palmieri), "[i]gnor[ing] fundamental requirements" (Jacob Doe), and "[p]rovid[ing] inadequate oversight" (Anthony Edinson). *Id.* ¶¶ 23–28. The Complaint does not explain what acts or omissions substantiate the allegations. And beyond these threadbare allegations, the Complaint fails to specify which of the Defendants are responsible for which acts or omissions in each count.

The allegations in the individual counts fare no better. For example, the breach of contract count alleges "Defendants materially breached the contract by: a. Failing to deliver promised services[;] b. Missing contractual deadlines[;] c. Providing inadequate work product[;] d. Violating quality standards[; and] e. Misrepresenting capabilities." *Id.* ¶ 39. And the civil conspiracy count alleges "Defendants engaged in a civil conspiracy by: a. Acting in combination[;] b. With common purpose[;] c. To deceive customers[;] d. Through coordinated actions[; and] e. causing damages."

These allegations amount to nothing more than "formulaic recitation of the elements of a cause of action," "'naked assertions' devoid of 'further factual enhancement,'" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. As such, the

Complaint, as drafted, must be dismissed as it does not state a claim upon which relief can be granted.

## CONCLUSION

To be clear, this is not an exhaustive list of the deficiencies observed in the Complaint. Plaintiff may have *one opportunity* to rectify his Complaint. Plaintiff is instructed to follow the directives and applicable rules articulated in this Order if Plaintiff still wishes to pursue this action. Thus, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. If Plaintiff Zak Shaik wishes to proceed *in forma pauperis*, he must, **on or before January 17, 2025**, file a supplemental affidavit to his IFP Application explaining (1) whether he incurs expenses to pay for basic necessities such as food, clothing, shelter, and utilities, (2) where he gets money to pay for those expenses (include all "off-the-books" income, whether in cash or in-kind), (3) how he meets his necessities if he does not have any income and does not incur any expenses, and (4) a list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number, and the name of the court granting same). Plaintiff Zak Shaik must sign the supplemental affidavit under penalty of perjury. If he does not use the preprinted Southern District of Florida IFP form (*i.e.*, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2). If Plaintiff Zak Shaik fails to provide such information or otherwise fails to substantiate that he is unable to pay the filing fee, he will be required to pay the mandatory $405.00 filing fee—which includes both the $350.00 filing fee set by Congress and an additional $55.00 administrative fee imposed by this District—if he desires to maintain this action before the Court. *See* 28 U.S.C. § 1914(a) ("The

clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350[.]"); *see also* Court Fees, UNITED STATES DIST. CT. S. DIST. OF FLA., https://www.flsd.uscourts.gov/court-fees (last visited Dec. 20, 2024).

2. Plaintiff's Complaint, [ECF No. 1], is **DISMISSED *without prejudice and with leave to amend***.

3. **Plaintiff may file an amended complaint on or before <u>January 17, 2025</u>**. If Plaintiff wishes to proceed *pro se*, he must file his amended complaint individually and on his own behalf. To the extent that the Amended Complaint seeks to bring claims on behalf of Sabur Private Wealth Management, it <u>must</u> be represented by counsel and <u>must</u> pay the required filing fee.

4. The amended complaint must be labeled "Amended Complaint" and must show the case number referenced above so that it will be filed in this case.

5. Plaintiff is warned that failure to file the amended complaint and/or the supplemental affidavit on time and in compliance with this Order shall result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b); *Webb v. Miami-Dade Cnty. Gov't*, No. 24-10406, 2024 WL 3454690, at *3 (11th Cir. July 18, 2024) ("When a plaintiff fails to comply with a court order, a district court generally has discretion to dismiss the action under either the Federal Rules of Civil Procedure or its inherent authority to manage its docket") (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)).

6. The Clerk's Office is instructed to **administratively CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 22nd day of December, 2024.

_____
RODOLFO A. RUIZ II
**UNITED STATES DISTRICT JUDGE**